THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COOKUNITY, INC.,<br><br>Defendant. | Case No. 2:26-cv-02063-JHC<br><br>**DEFENDANT COOKUNITY, INC.'S MOTION FOR RECONSIDERATION RE ORDER OF REMAND**<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 9, 2026** |

## I. RELIEF REQUESTED

Defendant CookUnity, Inc. ("CookUnity") respectfully moves under Local Civil Rule 7(h)(1) for reconsideration of the Court's September 25, 2026 Order (Dkt. 18) remanding this action to King County Superior Court. CookUnity asks the Court to vacate the remand, retain jurisdiction, and, consistent with the alternative relief contemplated in the Order to Show Cause, stay the action pending the Ninth Circuit's decision in *Montes v. Catalyst Brands LLC* (*Montes II*), No. 26-241. When considering the specific allegations plead in Plaintiff's complaint, the injury in fact requirement has been met because the allegations line up with the concrete and specific harms CEMA was enacted to protect. *See Harbers v. Eddie Bauer, LLC,* 415 F. Supp. 3d 999 (W.D. Wash. 2019). Subject to the Ninth Circuit's future ruling in *Montes II*, this allegation of an injury in fact is sufficient to create subject matter jurisdiction.

//

//



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint and Defendant's Removal

On May 11, 2026, Plaintiff Matthew Wildman filed a Class Action Complaint against CookUnity, Inc. ("CookUnity") in King County Superior Court. Dkt. 1 at 6. Wildman sues on his own behalf and on behalf of a putative class of "[a]ll Washington residents who, during the Class Period, received a commercial email sent by" or on behalf of CookUnity "that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." Dkt. 1-2 at 19. He asserts two claims: a violation of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020 and a per se violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. 1-2 at 21-22.

The Complaint alleges that CookUnity "spams Washington consumers, including Plaintiff, with commercial emails featuring subject lines which employ various tactics to create a false sense of urgency." Dkt. 1-2 at 2. According to Wildman, this "false urgency wastes consumers' time by enticing them to engage with the . . . marketing efforts for fear of missing out," and "floods consumers' email inboxes with repeated false notifications that the time to act . . . is short." Dkt. 1-2 at 2. The alleged scheme "falsely narrows the field—steering consumers away from shopping for better deals—to its own products that must be purchased now." Dkt. 1-2 at 2. Wildman alleges that these "[f]alse time scarcity claims . . . harm consumers by manipulatively distorting their decision-making to their detriment." Dkt. 1-2 at 6. Plaintiff also alleges that these emails were not solicited and violate his right to be free from harm and harassment. *Id.*, at 18.

In summary, Plaintiff alleges that these emails violated a concrete statutorily created interest and change consumer behavior and cause putative class members to act or not act in certain ways, and that such harm violates a cognizable legal interest.

//

//



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**B. CookUnity's Notice of Removal**

CookUnity was served with the Complaint and summons on May 13, 2026. Dkt. 1 at 7 On June 12, 2026, within thirty days of service, CookUnity timely removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. Dkt. 1 at 5; Dkt. 1 at 7.

The Notice of Removal invoked this Court's original jurisdiction under CAFA. In doing so, CookUnity invoked federal jurisdiction, and therefore alleged Article III standing based on Plaintiff's allegations of injury. In particular CookUnity's notice of removal incorporated Plaintiff's Class Action Complaints' allegations that there are harms resulting from deceptive commercial emails, and that Mr. Wildman and the putative class suffered those harms, namely the right to be free from harassment and annoyance under CEMA. Dkt 1-2 at 4, 18.

**C. The Court's Sua Sponte Order to Show Cause**

On September 11, 2026, the Court issued its Order to Show Cause. Dkt. 15 at 1. The Order stated that the Court "questions whether it has subject matter jurisdiction over this CEMA action; specifically, whether Plaintiff alleges injury-in-fact to establish Article III standing." *Id*. The Court directed the parties to show cause "as to why this matter should not be remanded for lack of subject matter jurisdiction or, alternatively, stayed pending the Ninth Circuit's resolution of the standing issue on appeal in *Montes v. Catalyst Brands LLC* (*Montes II*)." Dkt. 15 at 1.

**D. CookUnity's Response Referencing the Complaint and the Notice of Removal**

CookUnity timely responded on September 25, 2026. Dkt. 17 at 1. Its Response confirmed that, "[i]n removing this case to federal court, CookUnity invoked federal jurisdiction, including that the Article III case or controversy requirement has been met." Dkt. 17 at 1. The Response cited the allegations as plead, explaining that "Plaintiff here alleges . . . that CookUnity transmitted emails with false and misleading subject lines regarding false deadlines on promotions or sales that were later extended," and quoting the Complaint's allegations that



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

CookUnity's subject lines "are false and misleading in violation of CEMA" and "contained false statements of fact as to the 'duration or availability of a promotion.'" Dkt. 17 at 2.

As the Court knows, CookUnity's Response urged the Court to adopt the Order's alternative potential disposition rather than remand, arguing that a stay was warranted under the *Lockyer* factors and consistent with the Court's approach in the factually similar *Iniguez* matter. *See* Dkt. 17 at 2.

### E. The Remand Order

On September 25, 2026, the Court entered an Order specifically stating that "upon review of ***those responses*** [to its Show Cause Order]" that "Defendant has not met its burden of alleging that Plaintiff has Article III standing and thus has not met its burden of establishing subject matter jurisdiction to support removal."(emphasis added). Dkt 18 at 1. The Court's order only referring to the Responses to the Show Cause Order suggested that the Court had not considered any other pleadings in this matter including Defendant's statement in its notice of removal invoking federal jurisdiction, including Article III Standing. *See Id*.

## III. ISSUE PRESENTED

Should the Court reconsider its Order remanding this matter to King County Superior Court where its Order where allegations in Plaintiff's Complaint do establish subject matter jurisdiction, subject to the Ninth Circuit's decision in *Montes II* such that a stay, rather than immediate remand, would be appropriate?

## IV. ARGUMENT

### A. Standard for Reconsideration

Reconsideration is reserved for "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). CookUnity respectfully believes that the Court appears to have overlooked a basis for subject matter jurisdiction in the record and, therefore believes that reconsideration under LCR 7(h)(1) is appropriate.



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**B. The Court Must Look to the Injuries Alleged in Plaintiff's Complaint**

A removing defendant establishes standing through the plaintiff's complaint: In *Tailford v. Experian Information Solutions, Inc.*, the Ninth Circuit clarified that "standing is predicated on allegations in the complaint and is not limited to averments in the arguments against remand." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 n.2 (9th Cir. 2022).

Here, it was manifest error to not consider Plaintiff's Complaint and limit the consideration of standing to the Responses to the Show Cause Order. Dkt 18 at 1.

**C. Plaintiff's Complaint Alleges Sufficient Harm to Invoke Standing**

Standing in the federal courts requires three elements: (1) an "injury in fact" (2) that is "fairly traceable to the challenged action of the defendant" and (3) "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The element at issue here is the first, "whether Plaintiff alleges injury-in-fact." Dkt 15 at 1. The parties agree that he does.

To demonstrate injury in fact, the allegations in the Complaint must *allege* "an invasion of a legally protected interest" both "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted). A state statutory violation can support a concrete injury in fact and therefore Article III standing when the statutory provisions at issue was established to protect a concrete interest, as opposed to a procedural right. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) ("Spokeo II"). Courts in this district have found that CEMA was enacted to protect concrete interests. *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

Plaintiff alleges that he suffered such concrete interests so when he alleges that CookUnity's emails were deceptive and he suffered harm in the form of particularized feelings of harassment. Dkt. 1-2 at 2, 6, 18. Additionally, it was met when Plaintiff alleges that these emails changed his and other consumer's behavior as a result, allegedly inducing them make purchasing decisions based on allegedly false or misleading information. These are not



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

hypothetical actions and feelings being alleged by Plaintiff and the putative class, they are actual, imminent and concrete.

In *Harbers*, the court's reasoning analogized the TCPA in finding CEMA protected concrete interests, and in doing so discussed that one of the purposes of CEMA and one of the concrete interests it established was the right to be free from *deceptive* e-mails. 415 F.Supp.3d at 1009; *see also Wright v. Lyft, Inc.,* 189 Wn.2d 718, 731, 406 P.3d 1149, 1155 (2017). In the present matter the allegation that the emails were unsolicited and deceptive meets the injury in fact requirement recognized in *Harbers*.

**D. *Montes II*'s Pendency Compels a Stay**

For the reasons previously in Defendant's Response to the Court's Show Cause Order Dkt. 17, the Court should stay this matter pending the Ninth Circuit's impending ruling in *Montes II*. CookUnity understands that federal jurisdiction requires injury in fact, but believes the courts in this district were correct in the initial wave of decisions staying myriad cases that necessarily will be significantly affected by the ruling in *Montes II*.

DATED this 9th day of October, 2026.

COZEN O'CONNOR

By: */s/ Patrick Clifford*

William H. Walsh, WSBA #21911
Patrick Clifford, WSBA #56848
999 Third Avenue Suite 1900
Seattle, WA 98104
Telephone: (206) 340-1000
Email: wwalsh@cozen.com
Email: pclifford@cozen.com

*Attorneys for Defendant*

I certify that this memorandum contains 1,650 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically filed the foregoing document and any attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

DATED this October 9, 2026

COZEN O'CONNOR

By: *<u>/s/ Patrick Clifford</u>*
Patrick Clifford, WSBA #56848
E-mail: pclifford@cozen.com



LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000